## No. 56

DET., TOL. & IRON. R. R. CO. v. ZUBER

No. 19533.  Supreme Court

On motion to certify.  Dock. Jan. 5, 1926; 4 Abs. 40.

458. EMPLOYERS' LIABILITY—Is the defense of assumption of risk available to a railroad company engaging in both interstate and intrastate commerce in a suit by an employee for personal injury?

The Detroit, Toledo, & Ironton Railroad Company engages in both interstate and intrastate commerce. Philip Zuber, was employed as a section hand by the Company and was injured by a sliver flying from a chisel which was cracked, split, defective and unfit for the use to which it was put at the time of the injury, near Leipsic, Ohio. The testimony disclosed that Zuber knew of the defective condition of the chisel at and before the time of injury and that the injury was not premanent and that Zuber returned to work a few days after the injury.

A demurrer to the petition was overruled and a jury in the Putnam Common Pleas awarded a verdict for Zuber. The Court of Appeals affirmed the judgment of the Common Pleas.

The Company in the Supreme Court presents the following questions for the consideration of the Court:

1. Are the rights and liabilities of plaintiff in error governed by the Federal Employers' Liability Act?

2. Is the doctrine of assumption of risk available to the plaintiff in error in this case?

3. Does the knowledge on the part of the defendant in error of the alleged condition of the chisel at and before he received the injury, bar his right to recover?

4. Does the admission of the defendant in error that he knew at and before the time he was injured, that the chisel was in the condition described in his petition, and that its use in that condition was dangerous, bar his right to recover?

5. Was the injury complained of by defendant in error incidental to the business and for that reason was the risk of using the same assumed by the defendant in error?

6. Considering that the evidence shows that the injury was not permanent and the defendant in error resumed work within a few days after he was injured, was not the verdict of the jury excessive?

Attorneys—J. P. Leasure for Company; A. A. Slaybaugh for Zuber; both of Ottawa.

## No. 57

INDUSTRIAL COMM. v. HUGHES

No. 19457.  Supreme Court

On motion to certify.  Dock. Dec. 5, 1925; 3 Abs. 770.

85. APPEAL—Does an appeal from an award of The Industrial Commission to the Common Pleas Court lie, if the Commission finds all jurisdictional facts favorable to the claimant and does not deny him the right to continue to participate upon a jurisdictional ground?

George Hughes, who was injured in the course of his employment by being struck in the eye with some slivers of brick, filed his claim with the Industrial Commission and was allowed certain compensation for such disability as they found as a result of the injury. A modification of the award was then sought by Hughes, which was refused, and as shown by record the last act of the Commission in this case was the unanimous paggage of an order that no further compensation be allowed.

Claimant then filed an appeal in the Perry Common Pleas and pursuant thereto judgment was rendered against the Industrial Commission for further compensation. At all times the jurisdiction of the Common Pleas court to entertain the appeal was challenged, but each time overruled and exceptions taken. Error was prosecuted to the Court of Appeals which sustained the judgment rendered by the Common Pleas.

The Industrial Commission in the Supreme Court contends:

(1) That the Common Pleas Court erred in assuming jurisdiction of the case.

(2) That if Hughes is entitled to additional compensation it must be obtained through the Industrial Commission.

(3) That the Commission found all jurisdictional facts favorable to the claimant and that he was not denied the right to continue to participate upon a jurisdictional ground.

(4) That these conditions do not give Hughes a right to appeal under the decision in the case of Industrial Commission v. Hogle, 108 OS. 363 at page 367, which states the following rule:

"It is a prerequisite to filing an appeal in the Court of Common Pleas that there must be a denial of appellant's right to participate at all or to continue to participate in such fund, based upon one of the jurisdictional matters enumerated in the section."

(5) That the question of the right of the complainant to participate in the fund must be an issue in order to give the Common Pleas Court jurisdiction to deal with the amount of Compensation.

Attorneys—C. C. Crabbe, R. R. Zurmekly, Columbus, and John W. Dugan, Prosecuting Attorney, New Lexington, for Commission; Tom O. Crosson, Zanesville, and Tague & Tague, New Lexington, for Hughes.